UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NURIEL DIZYN JAMAR-MAMON X,<br><br>                    Plaintiff,<br><br>-against-<br><br>WHOLE FOODS MARKET, INC.; CITY OF INDIANAPOLIS; INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT; AJ SQUARED SECURITY, INC.; JERRY KEITH PULLINGS,<br><br>                    Defendants. | 24-CV-8252 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of New York County, New York, brings this *pro se* action, alleging that Defendants violated his rights under federal and state law when he was arrested in Indianapolis, Indiana. Named as Defendants are Whole Foods Market, the City of Indianapolis, the Indianapolis Metropolitan Police Department, AJ Squared Security, Inc., and Indianapolis Metropolitan Police Department Officer Jerry Keith Pullings. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Indiana.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when they arrested him and used excessive force against him at Whole Foods Market in Indianapolis, Indiana. The City of Indianapolis and the Indianapolis Metropolitan Police Department are residents of Indianapolis, Indiana, and Plaintiff alleges that AJ Squared Security is located in Indiana. He does not provide a residential address for Officer Pullings, but he states that Pullings is an employee of the Indianapolis Metropolitan Police Department. Plaintiff further alleges that Whole Foods Market is incorporated in the State of Texas and maintains its principal place of business in Austin, Texas. Because Plaintiff does not allege that all Defendants are residents of the State of New York, or that the events giving rise to his claims occurred in this District,[1] from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Indianapolis, Indiana, which is in the Southern District of Indiana, Indianapolis Division. *See* 28 U.S.C. § 94(b). Accordingly, venue lies in the Southern District of Indiana, 28 U.S.C. § 1391(b)(2), and

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] Although Plaintiff alleges that he currently resides in this District, a plaintiff's residence is not relevant to the venue analysis under Section 1391.

2

in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Indiana, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Indiana. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 8, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge